In the Matter of WILLIAM H. VAN VLECK, INC., Petitioner, v. STATE LIQUOR AUTHORITY et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to annul and set aside the State Liquor Authority's approval, on October 6, 1966, of the application of Julius Klein and Herman Gilbert for a retail liquor store license for premises 121 Montague Street, Brooklyn, New York. Proceeding dismissed as moot, with $10 costs and disbursements. This proceeding first appeared on the calendar of this court for argument on September 16, 1968, although it had been commenced almost two years theretofore, on December 29, 1966, and had been transferred to this court 17 months theretofore, by order of the Special Term dated April 14, 1967. It appears that an application for transfer of the Klein-Gilbert license, filed on June 5, 1967 by Heights Wine & Liquor Store, Inc., was approved and that on September 7, 1967 a license was issued by the Authority to said transfer applicant. Petitioner's attorney had been advised by the Authority of the transfer application, by letter dated July 26, 1967; and, by letter dated August 8, 1967, petitioner's counsel had asked the Authority to delay the transfer until the determination of the instant proceeding by this court and had stated that petitioner would not make any application to the court for a stay. On January 5, 1968, petitioner instituted another CPLR article 78 proceeding to annul and set aside the issuance of the license to the transfer applicant. That proceeding was dismissed " without prejudice to the commencement of such new proceeding as may be warranted and authorized in the circumstances." Petitioner, by notice of appeal dated July 31, 1968, appealed from that determination. Meanwhile, on or about July 19, 1968, petitioner instituted still another proceeding, pursuant to sections 123 and 124 of the Alcoholic Beverage Control Law against Heights Wine & Liquor Store, Inc., the Authority and the New York City Alcoholic Beverage Control Board to enjoin Heights Wine & Liquor Store, Inc., from engaging or participating in the sale of liquors and wines at the subject premises and to annul the issuance of its license. That proceeding is presently pending in the Supreme Court, Kings County. The within proceeding should be dismissed as moot. The first license covering the premises went out of existence when the second license was issued on September 7, 1967. Hence, the license petitioner seeks to have annulled is no longer in existence and valid. The issue raised with respect to that license no longer exists. It would serve no useful purpose to make a determination as to a defunct license. Christ, Acting P. J., Brennan, Rabin, Munder and Martuscello, JJ., concur.